(Reap. Dec. 9172)

A. J. ARANGO
CARLOS A. SAYOUS } v. UNITED STATES

<hr>

Entry Nos. 845; 905.

(Decided June 17, 1958)

*Sharretts, Paley & Carter* (*Howard C. Carter* of counsel) for the plaintiffs.

*George Cochran Doub*, Assistant Attorney General (*Samuel D. Spector* and *Murray Sklaroff*, trial attorneys), for the defendant.

DONLON, Judge: It is claimed in these appeals to reappraisement, consolidated for trial, that appraisement was on the basis of export value of first-quality corned beef, whereas the merchandise before us is second-quality corned beef. The merchandise was imported from Uruguay in 1955.

On trial in Tampa, Fla., plaintiffs moved into evidence the official papers and an affidavit of Oscar Batignani, sworn to before Margaret L. Allen, American vice consul at Montevideo, on December 11, 1957. Thereupon, plaintiffs moved to transfer the consolidated cases to New York so that further evidence could be adduced, and the motion was granted.

At a New York term of court in April 1958, counsel for plaintiffs stated that the parties were prepared to enter into a stipulation of facts, and thereupon counsel for plaintiffs moved to strike the record developed on trial in Tampa, except that part of the record showing

transfer to New York. Decision on this motion was reserved, but without prejudice to the proposed stipulation. Counsel thereupon offered the following stipulation, as recorded in the minutes of trial:

MR. CARTER: I think I had better make two separate offers to stipulate, because the values will be different in each case.

JUDGE DONLON: I think that is appropriate.

MR. CARTER: So with respect to 294092–A, I offer to stipulate that the merchandise consists of Holly Brand corned beef from Uruguay, which is a second-grade corned beef.

I also offer to stipulate that the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Uruguay, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was $12.40 per case, and that there was no higher foreign value.

MR. SPECTOR: No objection.

JUDGE DONLON: Without objection, the stipulation is approved.

MR. CARTER: With respect to Appeal 296239–A, I offer to stipulate that the merchandise consists of Holly Brand corned beef exported from Uruguay, and that Holly Brand is a second-grade corned beef.

I offer to stipulate further that the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers in the principal markets of Uruguay, in the usual wholesale quantities and in the ordinary course of trade for exportation to the United States, including the cost of all containers and coverings of whatever nature, and all other costs, charges and expenses incident to placing the merchandise in condition, packed, ready for shipment to the United States, was $12.30 for the 12-ounce cans, packed 48 in a case, and $6.15 for the 12-ounce cans, packed 24 in a case; and that there is no higher foreign value.

MR. SPECTOR: No objection.

JUDGE DONLON: Without objection, the stipulation is accepted and made a part of the record.

Taking up, first, the motion to strike the record developed at Tampa, it is better, in my opinion, to preserve a record that has been made, rather than to strike it without good cause for such action. There is no such cause here shown. Plaintiffs' motion is denied.

Accepting the stipulation as an agreed statement of facts, and on the record before me, I find and hold that export value, as defined in section 402 (d) of the Tariff Act of 1930, is the proper basis for determining value of the canned corned beef described in the invoices and entries covered by these appeals; and that in reappraisement 294092–A, such export value is $12.40 per case of forty-eight (48) 12-ounce cans, net packed, and in reappraisement 296239–A, such export value is $12.30 per case of forty-eight (48) 12-ounce cans, net packed, and $6.15 per case of twenty-four (24) 12-ounce cans, net packed.

The appeals, as they relate to other merchandise, are dismissed. Judgment will be entered accordingly.